## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHAEDLER/YESCO DISTRIBUTION, INC., | : | Civil No. 1:24-CV-00086 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT A. MOORE and MARS ELECTRIC COMPANY, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is the motion to dismiss or alternatively transfer venue for lack of personal jurisdiction filed by Defendants Robert A. Moore and Mars Electric Company (collectively "Defendants").  (Doc. 13.)  Because the court finds that it does not have personal jurisdiction over Defendants, the motion to dismiss will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff Schaedler/Yesco Distribution, Inc. ("Schaedler") is a Pennsylvania corporation that distributes electrical supplies.  (Doc. 1-2, pp. 6, 8.)[2]  Defendant Mars Electric Company ("Mars") is an Ohio corporation, also engaged in

---

[1] The court compiles the following factual background from Schaedler's complaint, Doc 1-2, brief in opposition, Doc. 17, and affidavit in support of its brief in opposition, Doc. 18, because it is a plaintiff's burden to establish a district court has jurisdiction over a defendant.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

[2] For ease of reference, the court utilizes the page numbers contained in the CM/ECF header.

distributing electrical supplies.  (*Id.*)  Defendant Robert Moore ("Moore") is an

Ohio resident.  (*Id.* at 6.)  Moore entered into an employment agreement with

Schaedler, effective February 16, 2023.  (*Id.*)  The employment agreement

contained a non-compete clause, which prohibits specific competitive acts for a

period of one year from the date of termination.  (*Id.* at 7.)  The employment

agreement has a term of one year.  (*Id.* at 15.)  The agreement further provides that

notices addressed to Schaedler should be sent to an address in Harrisburg,

Pennsylvania and that Pennsylvania law governs the agreement.  (*Id.* at 19.)

Moore was terminated from his employment with Schaedler on October 18,

2023, and began working for Mars on November 28, 2023.  (*Id.* at 8.)  Mars is

located in Youngstown, Ohio, only 0.2 miles from Schaedler's location where

Moore had been employed.  (*Id.*)  Schaedler sent cease and desist letters to both

Moore and Mars in December 2023.  (*Id.* at 9.)  During his employment, Moore

handled customer accounts for businesses who conducted business in both

Pennsylvania and Ohio.  (Doc. 18, ¶ 9.)  Schaedler also believes that sales on

accounts formerly handled by Moore are now being made to Mars, and these sales

include sales to businesses who conduct business in Pennsylvania and Ohio.  (*Id.* at

¶ 10.)

Schaedler filed the complaint in the Dauphin County Court of Common

Pleas on December 27, 2023.  (Doc. 1, ¶ 1.)  Defendants properly removed the

lawsuit to this court on January 18, 2024.  (Doc. 1.)  Defendants filed a motion to dismiss or in the alternative transfer this case on January 30, 2024.  (Doc. 13.)[3] Defendants filed a brief in support on January 31, 2024.  (Doc. 16.)  Schaedler filed a brief in opposition and affidavit in support on February 13, 2024.  (Docs. 17, 18.)  Defendants filed a reply brief on February 27, 2024.  Accordingly, the motion is ripe for review.

## JURISDICTION

This action was properly removed to this court under 28 U.S.C. § 1441. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  Venue is proper under 28 U.S.C. § 1391.

## STANDARD OF REVIEW

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd*., 292 F.3d 361, 368 (3d Cir. 2002)).  "However, when the court does not hold an evidentiary hearing on the

---

[3] The court notes that a prior motion to dismiss or in the alternative transfer was filed by Defendants on January 25, 2024, and dismissed by the court without prejudice for failure to comply with court procedures on January 26, 2024.  (Doc. 3, 10.)

motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id.*

A federal court sitting in Pennsylvania in a diversity suit exercises jurisdiction according to the law of Pennsylvania. Fed. R. Civ. P. 4(k)(1)(A); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Con. Stat. § 5322(b). Accordingly, the court then considers the Due Process Clause and asks whether the defendant has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## DISCUSSION

Personal jurisdiction may be general or specific. *Gen. Elec., Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). General personal jurisdiction is established when a defendant has "continuous and systematic" contacts with the forum state. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific personal jurisdiction may be established if the defendant has "purposefully directed his activities at residents of the forum and the litigation

4

results from alleged injuries that arise out of or relate to those activities." *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

## A. General Personal Jurisdiction

General personal jurisdiction over a foreign corporation is established when

that corporation's contacts with the forum state are "so 'continuous and systematic'

as to render them essentially at home in the forum [s]tate." *Goodyear Dunlop*

*Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326

U.S. at 317). "With respect to a corporation, the place of incorporation and

principal place of business are paradigm bases for general jurisdiction." *Daimler*

*AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, Defendants argue that this court

does not have general jurisdiction over Mars because "Mars is an Ohio corporation

with its principal place of business in Mayfield Village, Ohio." (Doc. 16, p. 11.)

Plaintiff does not dispute this. Accordingly, the court does not have general

jurisdiction over Defendant Mars Electric Company.

## B. Specific Personal Jurisdiction

The Due Process Clause protects defendants from being subject to

judgments in fora in which they lack meaningful contacts. *Int'l Shoe*, 326 U.S. at

319. Specific personal jurisdiction allows for a court to exercise jurisdiction over a

defendant that is "less intimately connected with a State, but only as to a narrower

class of claims." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct.

1017, 1024 (2021).  The requirements of specific jurisdiction aim to afford some predictability for defendants to know when they may be held liable to suit in a certain jurisdiction.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The specific jurisdiction analysis consists of a three-prong test: (1) whether the defendant purposely directed its activities at the forum state; (2) whether the litigation arises out of or directly relates to one of those activities; and (3) whether the exercise of jurisdiction otherwise comports with notions of fair play and substantial justice.  *O'Connor*, 496 F.3d at 317.  The third prong of fair play and substantial justice need only be considered if the first two prongs are met.  *Id.*

Defendants argue that this court does not have personal jurisdiction over them because both Defendants are Ohio citizens, all activity prompting this action occurred in Ohio, and "the only connection to Pennsylvania [in this case] is that Schaedler is a Pennsylvania corporation–and it is Schaedler who, ironically, targeted its activities towards Ohio." (Doc. 16, p. 12.)  Schaedler responds that Defendants have sufficient contacts with Pennsylvania because Moore contracted with a Pennsylvania corporation, the employment agreement provides that Pennsylvania law will cover any disputes, and several of the customers at issue in the dispute conducted business in both Ohio and Pennsylvania.  (Doc. 17, p.8.)

The minimum contacts analysis asks whether the defendant purposefully directed sufficient activities at the forum state.  In reviewing this issue, the court should consider whether the defendant purposefully established "minimum contacts" in the forum state.  *Burger King*, 471 U.S. at 474 (citing *Int'l Shoe*, 326 U.S. at 316).  The minimum contacts must be purposefully directed at the forum state, in such a way that the defendant deliberately interacted with the forum state or created "continuing obligations" between itself and residents of the forum state.  *Id.* at 475–76.  This is often referred to as the "purposeful availment" requirement.  *Id.* at 475.

In contract disputes, the Third Circuit has held that a contract alone "is insufficient ground upon which to exercise personal jurisdiction over [a defendant.]"  *Verotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996).  Rather, "courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach."  *Gen. Elec.*, 270 F.3d at 150 (citing *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999)).  Courts must consider "not only the contract but also 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."  *Id.* (citing *Burger King*, 471 U.S. at 479.  Further, courts may consider the following factors:

1) the location of the contract negotiations, 2) whether the nonresident solicited business from the forum state, 3) whether the non-resident invoked and received benefits under the laws of the forum state, 4) the contemplated future consequences of the contract, 5) the terms and provisions of the contract, 6) the parties' course of dealing, and 7) the type of goods sold.

*It's Intoxicating, Inc. v. Maritim Hotelgesellschaft mbH*, No. 11-CV-2379, 2013 WL 3973975, at *9 (M.D. Pa. July 31, 2013).  It is not significant which party initiated the business relationship, but rather, "the intention to establish a common venture extending over a substantial period of time is a more important consideration." *Gen. Elec*., 270 F.3d at 151.

Based on the facts presented to the court, Plaintiff has not established that Defendants have sufficient contacts with Pennsylvania such that the court may exercise jurisdiction over them.  First, as noted by Defendants, the existence of a contract between a resident and non-resident is not sufficient, in and of itself, to establish a court's personal jurisdiction.  *Vertoex*, 75 F.3d at 151.  Rather, a "defendant's contacts with the forum [must be] instrumental in either the formation of the contract or its breach."  *Gen. Elec.*, 270 F.3d at 150.  There are no facts in the record providing the circumstances of the agreement between Schaedler and Moore's former employer which was the impetus of Moore signing the instant employment contract.  Nor are there any facts provided surrounding the signing of the instant agreement, besides the locations of each party, the term of the agreement, and the non-compete provision.  As noted by Defendants in their reply

brief, Schaedler has not established that "(1) Moore or Mars contacted or solicited its Pennsylvania clients; (2) even one of its Pennsylvania customers has in fact been contacted by Defendants; (3) it has lost any specific amount of business in Pennsylvania[.]" (Doc. 21, p. 5.)  Accordingly, the court cannot say, based on the facts presented, that Moore and Mars' contacts with the forum were instrumental in the creation of this contract.

Schaedler argues that Defendants' contacts with Pennsylvania are instrumental in the breach of the agreement because many of Moore's accounts were with businesses who had business in Pennsylvania and Ohio.  (Doc. 17, p. 8.)  However, this is not the same as Moore reaching out and having contact with Pennsylvania.  Rather, the accounts that Moore has contact with have contact with Pennsylvania.  This is too attenuated of a connection to say that Moore "purposefully avail[ed himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475.  The same argument prevails for Mars as well.  Schaedler has alleged that Mars does business with businesses that have contact with Pennsylvania.  (Doc. 18, ¶ 10.)  This is too remote to establish that Mars purposefully conducted activities within Pennsylvania.  Accordingly, Schaedler has failed to establish that Defendants had sufficient contacts with Pennsylvania such that this court may exercise jurisdiction over them.  The motion to dismiss

will be granted without prejudice, so that Schaedler may file its case in an appropriate jurisdiction.

## CONCLUSION

Because the court finds that Schaedler has not established that Defendants had sufficient minimum contacts with Pennsylvania, the court will not proceed further with the personal jurisdiction analysis, or consider the request to transfer venue.  The motion to dismiss is granted on the grounds that the court lacks personal jurisdiction over Defendants, and this case is dismissed without prejudice.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 17, 2024